Zimmerman, J.
 

 In their brief, defendants' state without contradiction that all of the hospital services furnished to indigents as alleged in the petition occurred subsequent to June 6, 1939, the effective date' -of Sections 3391 to 3391-12, General Code, composing the chapter headed “Administration of Poor Relief,” and that plaintiff is a public charitable institution whose real estate and buildings used for hospital purposes are exempt from taxation.
 

 Defendants then proceed to argue three points:
 

 1. Because of the charitable nature of the plaintiff ■corporation and the exemptions from taxation it enjoys, it cannot shift its obligation of caring for the poor to the state or any of its subdivisions and cannot, therefore, enforce payment from the defendants.
 
 O’Brien, Treas.,
 
 v.
 
 Physicians Hospital Assn.,
 
 96 Ohio St., 1, 116 N. E., 975, L. R. A. 1917F, 741.
 

 2. Plaintiff’s right to recover for the care of in
 
 *550
 
 digent persons is dependent .upon statutory sanction. Neither Section 3476 nor Section 3480, General Code, contemplates anything more than temporary support or relief by township trustees to indigents in their homes and cannot be extended to include the expense of care in hospitals, and Section 3480-1, General Code, is without application to the issues in the present case.
 

 , 3. The plaintiff has no basis for recovery against the defendants for the hospitalization of indigent persons, for the reason that Sections 3391 to 3391-12, General Code, have modified Sections 3476 and 3480, General Code, to the extent that the powers and duties formerly possessed by township trustees in relation to poor relief have been transferred to the county commissioners.
 

 Section 3476, General Code, reads in part:
 

 * * the trustees of each township or the proper officers of each city therein, respectively, shall afford at the expense of such township or municipal corporation public support or relief to all persons therein who are in condition requiring it. It is the intent of this act that townships and cities shall furnish relief in their homes to all persons needing temporary or partial relief who are residents.of the state, county and township or city * * *.”
 

 The pertinent portion of Section 3480, General Code, provides:
 

 “ When a person in a township * * * requires public relief, or the services of a physician or surgeon, complaint thereof shall be forthwith made by a person having knowledge of the fact to the township trustees * * * . If medical services are required, and no physician or surgeon is regularly employed by contract to furnish medical attendance to such poor, the physician called or attending shall immediately notify such trustees * * * in writing, that he is attending such person, and thereupon the township * * *
 
 *551
 
 shall be liable for relief and services thereafter rendered such person, in such amount as such trustees * *
 
 *
 
 ■determine to be just and reasonable * * * .” -
 

 In its opinion the Court of Appeals pointed out that for some time before the enactment of Section 3391
 
 et seq.,
 
 General Code, it had been accepted and understood that Sections 3476 and 3480, General Code, were sufficiently broad to create liability on the part -of a city or township for the emergency hospitalization of their indigent poor [See
 
 Mercy Hospital
 
 v.
 
 Menegay,
 
 32 N. P. (N. S.), 1; Attorney General’s Opinions, 1935, Vol. 1, page 387]; that in subsection 8 of Section 3391-2, General Code, the General Assembly expressly stated that Section 3476, General Code, and the sections related to it should remain largely undisturbed, and that in passing Section 3391
 
 et seq.,
 
 General Code, it was not the apparent purpose to absolve cities and townships from the duty of paying for the emergency hospital care of their indigent residents, nothing having been said on that subject.
 

 The Court of Appeals further called attention to the fact that at the same legislative session in which Section 3391
 
 et seq.,
 
 General Code, were passed, Section 3480-1, General Code, was re-enacted, making municipalities and townships responsible for the hospitalization of their indigent under the conditions described.
 

 Thereupon, the Court of Appeals, reading Sections 3476 and 3480, General Code,
 
 in pari materia,
 
 pronounced the following finding and declaration:
 

 “First. That under the provisions of General Code Section 3476' and 3480, township trustees are liable for emergency hospital services rendered to indigent people who have a legal settlement in their respective townships, in such amount as such trustees determine to be just and reasonable, provided that due notice is given as directed by Section 3480.
 

 
 *552
 
 “Second. The term ‘public support or relief’ as-used in General Code Section 3476, in connection with Section 3480, now covers only emergency hospitalization.
 

 “Third. Township trustees are not now liable for hospital services for people who have a legal settlement therein, in the absence of contract, unless the case be an emergency one.
 

 “Pour. That Section 3480-1 has no application to the case at bar, where the indigent person is removed to the hospital from the township of legal settlement, even though said hospital is not located in said township. ’ ’
 

 It being the opinion of this court that the Court of Appeals correctly analyzed and interpreted the controlling legislation, its judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart and Bell, JJ.r concur.
 

 Williams, J., not participating.