Zimmerman, J.
 

 Counsel for the administratrix contends that an application for rehearing was not a prerequisite to an appeal to this court, since the order of the commission was effective forthwith and, therefore, neither Section 543 nor Section 614-43, General Code, applies.
 

 Such counsel admits that Section 543, General Code, makes the filing of an application for rehearing, before the effective date of- an order, a condition precedent to the right of appeal, but insists that the entry of dismissal of the complaint was effective on the date of the order of the commission and it was impossible to file an application before that effective date. He argues that Section 614-43, General Code, omits a condition precedent to review.
 

 The history of legislation relating to applications for rehearing and appeals from the Public Utilities Commission will aid in ascertaining the intent of the General Assembly.
 

 In 1906 the General Assembly established a Railroad Commission and provided for the regulation of railroads and other common carriers. Section 16 of that act (98 Ohio Laws, 342, 351), in the codification of 1910, became Section 543, General Code, and authorized' a railroad or other party in interest dissatisfied with an order of the commission to commence an action in
 
 *305
 
 the Court of Common Pleas. No rehearing before the Railroad Commission was provided for in the original act or codification.
 

 In 1911 the Railroad Commission was superseded by the Public Service Commissi on (102 Ohio Laws, 549).
 

 Section 43 of that act is present Section 614-41, General Code, which reads: “All orders made by the commission shall, of their own force, take effect, and become effective operative thirty days after service thereof, unless a different time be provided in the order.”
 

 Section 45 of that act became Section 614-43, General Code, and authorized the Public Service Commission to grant a rehearing upon application by petition filed within 30 days after an order was entered on the records of the commission. The language of that section has not been changed since its original enactment. Section 72 of that act, authorizing an action in the Court of Common Pleas, became Section 614-69, General Code, which was repealed in 1913.
 

 When the General Assembly in 1913 created the Public Utilities Commission (103 Ohio Laws, 804, 814), former Section 543,‘ General Code, was repealed and Section 32 of the act provided for a rehearing in the language of present Section 543 reading in part:
 

 “After any order or decision has been made by the commission, any party to the action or proceeding * * * may apply for a rehearing in respect to any matters determined in said action or proceeding and specified in the application for rehearing, and the commission may grant and hold such rehearing on said matters, if in its judgment sufficient reason therefor be made to appear. No cause of action arising out of any order or decision of the commission shall accrue in any
 
 *306
 
 court to any corporation or person unless such corporation or person shall have made, before the effective date of said order or decision, application to the commission for a rehearing. Such application shall set forth specifically the ground or grounds on which the applicant considers said decision or order to be unreasonable or unlawful. No corporation or person shall in any court urge or rely on any ground not so set forth in said application.”
 

 Section 33 of the act of 1913 is present Section 544, General Code, relating to this court’s review of final orders of the commission, and Section 38 of that act is present Section 549, General Code, conferring upon this court exclusive jurisdiction as therein stated. See, also, Section 2, Article IV of the Ohio Constitution.
 

 Sections 614-41 and 614-43, General Code, were not repealed by the act creating the Public Utilities Commission and providing for review of its orders by this court.
 

 It has been held that where an order of the Public Utilities Commission is given an effective date, timely application for rehearing on the part of a person aggrieved by the order is a jurisdictional prerequisite to an appeal to this court.
 
 City of Tiffin
 
 v.
 
 Public Utilities Commission,
 
 110 Ohio St., 659, 145 N. E., 32;
 
 Travis
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 355, 175 N. E., 586. Compare
 
 City of Dayton
 
 v.
 
 Public Utilities Commission,
 
 111 Ohio St., 476, 145 N. E., 849.
 

 Sections 543 and 614-43, General Code, were commented upon in the cases of
 
 Red Eagle Bus Co.
 
 v.
 
 Public Utilities Commission,
 
 124 Ohio St., 625, 180 N. E., 261, and
 
 City of Dover
 
 v.
 
 Public Utilities Commission,
 
 126 Ohio St., 438, 185 N. E., 833, in each of which cases the commission had entered an order which by
 
 *307
 
 its terms became effective forthwith and an application for rehearing was filed. In the former case it was held that an application for rehearing conld be filed with the commission within 30 days from the entry of the order and in the latter case it was held that an order of the commission could not be attacked by an application for rehearing filed more than 30 days after the entry of the order. However, in neither of those cases was the question decided whether the filing of an application for rehearing is a condition precedent to the right of review by this court.
 

 Sections 543, 614-41 and 614-43, General Code, are now all effective as a part of the statutory law of Ohio and deal with the same general subject matter. In our opinion, they should be read and construed
 
 in pari materia.
 

 Turning to 2 Sutherland Statutory Construction (3 Ed.j, 509, 531, Sections 5101, 5201, we read that “legislation should always be considered
 
 in pari materia
 
 with previous and subsequent legislative enactments,” and that “prior statutes relating to the same subject matter are to be compared with the new provision; and if possible by reasonable construction, both are to be so construed that effect is given to every provision of each.” See
 
 Mansfield General Hospital Corp.
 
 v.
 
 Swank et al., Trustees,
 
 141 Ohio St., 545, 49 N. E. (2d), 403;
 
 State, ex rel. Superior Distributing Co.,
 
 v.
 
 Davis et al., Tax Comm.,
 
 132 Ohio St., 308, paragraph seven of the syllabus, 7 N. E. (2d), 652;
 
 State, ex rel. Stauss,
 
 v.
 
 County of Cuyahoga,
 
 130 Ohio St., 64, paragraph four of the syllabus, 196 N. E., 890.
 

 Construing Sections 614-41, 614-43 and 543, General Code,
 
 in pari materia,
 
 an order of the commission, which does not specifically provide that it is to take effect at any particular time, actually becomes effective
 
 *308
 
 30 days after service thereof; a person or public utility aggrieved thereby may file an application for rehearing within 30 days after such order has been entered upon the records of the commission; and an application for rehearing within the prescribed time is a prerequisite to review by this court.
 

 Since the appellant herein never filed an application for rehearing with the commission on the order complained of, the motion of the appellee-commission to dismiss the appeal to this court is well made and is hereby sustained.
 

 Appeal dismissed.
 

 Weygandt, C. J., Matthias, Hart, Stewart, Turner and Taet, JJ., concur.