IN RE ESTATE OF TONSIC: TONSIC, APPELLANT, *v.* HOLUB, ADMR., APPELLEE.

(No. 6003—Decided March 13, 1968.)

*Mr. Dan J. Cavanaugh*, for appellant.
*Mr. Harry F. Clarke*, for appellee.

HUNSICKER, J.   An appeal on questions of law is lodged in this court from a judgment of the Probate Court of Summit County.   That court determined that three bank accounts which belonged to Mike Tonsic in his lifetime, and which provided for them to be payable on his death to his three children, were assets of the estate and not the property of those to whom the accounts "P. O. D." (deposits payable on death) were given.

At the outset of the oral hearing before this court, a motion was made to dismiss the action because of a failure to set out an assignment of error in the brief or, in the alternative, to affirm the judgment because there was no bill of exceptions before this court.   Upon examination of the files transmitted to this court by the Probate Court, we determine that there is set out in the journal entry all the facts necessary to pass upon an assignment of error that

the judgment is contrary to law. We believe the very short brief of the appellant herein is sufficient to assign as error that the judgment is contrary to law. The motion will be denied.

Mike Tonsic, on each of three savings accounts, provided that on his death the bank should pay the amount of that account to the child designated thereon. These accounts, as it was agreed upon by the parties, were arranged as "P. O. D." accounts by Mike Tonsic and the bank, without the knowledge of the three recipients. Knowledge of the "P. O. D." accounts came to each of the three recipients only when the safe deposit box at the bank was opened after the death of Mike Tonsic.

We are not herein dealing with a joint and survivorship account. We do have, in this case, a comparatively new provision of the probate and banking law, designated "Deposits Payable on Death," Sections 2131.10 and 2131.-11, Revised Code.

We are concerned with Section 2131.10, Revised Code, which, in its pertinent part, reads as follows:

"A natural person, adult or minor, * * * may enter into a written contract with any bank * * * transacting business in this state, whereby the proceeds of the owner's * * * deposit * * * may be made payable on the death of the owner to another person * * * notwithstanding any provisions to the contrary in Chapter 2107. of the Revised Code [the chapter on wills]. In creating such accounts, 'payable on death' or 'payable on the death of' may be abbreviated to 'P. O. D.'

"* * *."

The statute provides further that the owner of such deposit may, during his lifetime, withdraw the deposit or change the beneficiary. The interest of the beneficiary does not vest until the death of the owner who made the "P. O. D." account.

Prior to the enactment of Section 2131.10, Revised Code, we would have had no difficulty in determining that this attempt to transfer title to the money in the bank was completely ineffective, either on the basis of an attempted

testamentary transfer, or as a gift *inter vivos*, or *causa mortis*, that was incomplete. A gift *inter vivos*, or *causa mortis*, requires that the donor, during his lifetime, divest himself of all dominion of the gift and invest the donee therewith. *O'Brien, Admx., v. O'Brien*, 112 Ohio St. 202; and *Schmitt, Admx., v. Schmitt*, 39 Ohio App. 219. There was no present right on the part of the donees to withdraw any money from the bank, and, in that respect, the accounts cannot be considered joint and survivorship accounts. See: *Cleveland Trust Co. v. Scobie, Admr.*, 114 Ohio St. 241, 48 A. L. R. 182; and *In re Estate of Voegeli*, 108 Ohio App. 371.

The contract here was between the bank and the depositor, Mike Tonsic, and, while it is true that payable on death ("P. O. D.") is clearly a testamentary disposition of personal property, nevertheless, the statute herein expressly exempts such a gift from the statute on wills, Section 2107.03, Revised Code. According to the plain wording of the statute, such a transaction is complete upon the execution of the "P. O. D." agreement with the bank. The owner of such an account, however, has the right, during his lifetime, to withdraw the deposit in whole or in part as though no beneficiary had been named, and to designate a change in beneficiary.

The statute under consideration, Section 2131.10, Revised Code, was enacted many years after the statute on wills. The Legislature is presumed to be cognizant of all prior sections of the Code. This section, as enacted, within its limited scope, supersedes the statute on wills, and, where a deposit in one of the designated institutions meets the requirements of that act, the statute regarding wills, Section 2107.03, Revised Code, is not effective.

There is a great dearth of authority, or of legislative enactments, concerning the problem before us.

Although we have not examined the statutes of every state, we have checked the more populous states, and find only the state of New Jersey with a statute that is in any manner similar to that in the state of Ohio. N. J. S. A. 17:9A-217. (One case is cited under that statute: *In re*

*Estate of Posey,* 89 N. J. Super. 293, 214 A. 2d 713; a trial court's opinion, which judgment was later affirmed by the Superior Court. That case is not very helpful to us in determining the proper solution of the instant case.)

Other cases, where there are no statutes covering the situation, uniformly hold that bank deposits held in the name of "A, payable at death to," are ineffectual to pass any interest to "B." Some of such cases are: *Young* v. *Mc-Coy,* 152 Neb. 138, 40 N. W. 2d 540; *Blais, Admr.,* v. *Colebrook Guaranty Savings Bank,* 107 N. H. 300, 220 A. 2d 763; *Tucker* v. *Simrow,* 248 Wis. 143, 21 N. W. 2d 252.

Many law review articles discuss the problem of joint and survivorship bank accounts, but none we have found considers the unique statute we have in Ohio.

See: 17 U. of Pittsburgh Law Review 42; 41 California Law Review 596; 26 U. of Chicago Law Review 376; 53 Columbia Law Review 103 at 113; 28 Missouri Law Review 482.

It is the conclusion of this court that the "P. O. D." deposits made by Mike Tonsic met the requirement of the statute, and that the trial court erred, as a matter of law, in concluding that Section 2131.10, Revised Code, is "ineffectual and ineffective."

The judgment of the Probate Court of Summit County, in ordering that the "P. O. D. accounts are * * * assets in the estate of Mike Tonsic and will be distributed according to the law of descent and distribution of the state of Ohio," is reversed, and final judgment is rendered the appellant herein.

*Judgment reversed, and judgment for appellant.*

BRENNEMAN, P. J., and DOYLE, J., concur.