BOBB ET AL., APPELLANTS, *v.* MARCHANT, JUDGE, APPELLEE.

[Cite as Bobb *v.* Marchant (1984), 14 Ohio St. 3d 1.]

(No. 84-184—Decided October 24, 1984.)

2

Messrs. *Goodman & Goodman, Mr. Stanley Goodman, Dennis & Cartwright Co., L.P.A.,* and *Mr. Max H. Dennis,* for appellants.

*Mr. James A. Kiger,* prosecuting attorney, for appellee.

*Per Curiam.* The court of appeals dismissed the complaint on the ground of mootness. It of course was not moot, because the hearing of May 3, 1983 was not held. Once this fact was brought to the attention of the court of appeals, it should have granted relief from its earlier dismissal pursuant to the "other reason" provision of Civ. R. 60(B)(5). "It is generally held that court errors and omissions are reasons justifying relief under the 'other reason' clause." *State, ex rel. Gyurcsik,* v. *Angelotta* (1977), 50 Ohio St. 2d 345, 347 [4 O.O.3d 482].

This brings us to the merit issue of whether the writ should be allowed.[1]

Appellants do not contest the manner in which the receivers were appointed. They do, however, argue that the receivers are limited to those powers and duties prescribed in R.C. Chapter 926. Specifically, they disagree with appellee's assertion that R.C. Chapter 2735, dealing generally with the appointment, qualifications, and powers of receivers, is applicable to receivers appointed pursuant to R.C. 926.14(E). Appellants reason that since R.C. Chapter 926 fails to prescribe the powers and duties of receivers appointed pursuant to R.C. 926.14(E), the appellee acts without jurisdiction if he entertains an action by the receivers so appointed.

---

[1] "On an appeal as a matter of right from a judgment of the Court of Appeals in an action for an extraordinary writ, the Supreme Court will review the judgment as if the action had been originally filed in this court." *State, ex rel. Taylor,* v. *Glasser* (1977), 50 Ohio St. 2d 165, 166-167 [4 O.O.3d 367].

"The conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law." *State, ex rel. McKee,* v. *Cooper* (1974), 40 Ohio St. 2d 65 [69 O.O.2d 396], paragraph one of the syllabus.

The first condition is satisfied, since the court is "about to exercise judicial * * * power." The second requirement is not satisfied, however, for the following reasons.

"Statutes relating to the same subject matter should be construed *in pari materia,* although they were enacted at different sessions of the General Assembly." *Warner* v. *Ohio Edison Co.* (1949), 152 Ohio St. 303 [40 O.O. 355], paragraph one of the syllabus. Likewise, "[t]he legislature is presumed to be cognizant of all prior sections of the Code." *Tonsic* v. *Holub* (1968), 13 Ohio App. 2d 195, 197 [42 O.O.2d 341]. Since the legislature was aware of R.C. Chapter 2735, adopted in 1953, when it enacted R.C. Chapter 926 in 1968, and since the powers and duties of receivers were not specified in R.C. Chapter 926, it would seem reasonable that the legislature intended for receivers appointed under R.C. 926.14(E) to have the same general powers and duties as are outlined in R.C. Chapter 2735.

Indeed, R.C. 2735.01(E) provides for appointment of receivers "[w]hen a corporation * * * is insolvent, or is in imminent danger of insolvency * * *," as essentially does R.C. 926.14(E), the statute under which the receivers in the case *sub judice* were appointed. The conclusion that R.C. 926.14 and Chapter 2735 are *in pari materia* is inescapable.

Appellants' averment that the receivers in this case have no authority to sue the officers of Queen City Grain Company is laid to rest by R.C. 2735.04, which provides, *inter alia,* that "a receiver may bring and defend actions in his own name as receiver * * *." The jurisdiction of the court to hear such actions is clear from the language of R.C. 2735.05, which allows "the court appointing such receiver * * * upon reasonable notice, [to] require any person, or officer or director of a corporation * * * to attend and submit to an examination on oath as to its property, trade, dealings with others, accounts, and debts due or claimed from it, and as to all other matters concerning the property and estate of the * * * corporation for which such receiver has been appointed."

Since R.C. 926.14 and Chapter 2735 are *in pari materia,* it follows that the receivers are authorized to bring suit, and the appellee has jurisdiction to hear the matter.

In an effort to meet the third condition for a writ to issue, appellants allege they will suffer injury for which no other adequate remedy exists. They cite *State, ex rel. Sowell,* v. *Lovinger* (1983), 6 Ohio St. 3d 21, for the proposition that appeal would not be an adequate remedy because appellee

is sitting by assignment and his "power to preside" cannot " 'be questioned in a collateral proceeding to which he is not a party.' " *Id.* at 23. Appellants' reliance on the *Lovinger* case is misplaced. In *Lovinger,* the pivotal issue was status, *i.e.,* whether it was proper to appoint an acting judge to hear the case instead of a duly elected and qualified judge. That is not the question here. Appellants challenge only appellee's jurisdiction to hear the case — not his status. The fact that appellee sits by assignment in no way affects the jurisdiction of the court.

Previously, in similar cases, this court has held: "A court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction on [the] issue raised, and a party challenging its jurisdiction has a remedy at law in appeal from an adverse holding of the court that it has such jurisdiction, and may not maintain a proceeding in prohibition to prevent the prosecution of such action." *State, ex rel. Miller,* v. *Court* (1949), 151 Ohio St. 397 [39 O.O. 232], paragraph three of the syllabus; *State, ex rel. Henry,* v. *Britt* (1981), 67 Ohio St. 2d 71, 73-74 [21 O.O.3d 45].

Appellants are unable to satisfy two of the necessary conditions for issuance of a writ of prohibition, and, accordingly, the writ is hereby denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.