THE STATE, EX REL. TOLLIS ET AL., *v.*
COURT OF APPEALS FOR CUYAHOGA COUNTY.

[Cite as State, ex rel. Tollis, *v.* Cuyahoga Cty. Court of Appeals (1988), 40 Ohio St. 3d 145.]

(No. 88-1464—Submitted November 14, 1988—Decided December 28, 1988.)

*Kelley, McCann & Livingstone, Stephen M. O'Bryan, Mark J. Valponi* and *Thomas J. Lee,* for relators.

*John T. Corrigan,* prosecuting attorney, and *Patrick Murphy,* for respondent.

*Per Curiam.* For a writ of prohibition to issue, this court must find (1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ would cause injury for which there is no other adequate remedy in the ordinary course of law. *State, ex rel. Johnson,* v. *Perry County Court* (1986), 25 Ohio St. 3d 53, 58, 25 OBR 77, 81, 495 N.E. 2d 16, 21, citing *State, ex rel. McGraw,* v. *Gorman* (1985), 17 Ohio St. 3d 147, 150, 17 OBR 350, 353, 478 N.E. 2d 770, 773; *Bobb* v. *Marchant* (1984), 14 Ohio St. 3d 1, 3, 14 OBR 1, 2, 469 N.E. 2d 847, 849. According to their briefs, the parties agree that respondent's refusal to dismiss the preliminary injunction appeal signifies that it is about to exercise judicial

power. Thus, we must first decide whether respondent will exercise unauthorized judicial power by considering the appeal further.

Relators argue that the instant preliminary injunction was not a proper subject for respondent's immediate review because it was not a final appealable order. We agree.

The action underlying the preliminary injunction of July 18 is one for injunctive relief. It has long been the rule that:

"An order of the court of common pleas granting a temporary injunction in a suit in which the ultimate relief sought is an injunction, is not either a judgment or a final order which may be reviewed by the circuit court on a petition in error." *May Co.* v. *Bailey Co.* (1910), 81 Ohio St. 471, 91 N.E. 183, syllabus.

Indeed, even the United States Supreme Court has recognized that, in Ohio:

"A temporary injunction which merely serves to preserve the *status quo* pending the hearing on a request for a permanent injunction is not a final order appealable under §§ 2505.02, 2505.03 of Page's Ohio Rev. Code (1954). * * * [Citations omitted.]" *Amalgamated Clothing Workers* v. *Richmond Bros. Co.* (1955), 348 U.S. 511, 517-518, at fn. 3.

Accordingly, no authority exists for respondent to hear an appeal of or to modify that order.

As for the third prerequisite to the issuance of the writ, it may be, as respondent claims, that any injury caused by not granting prohibition in this case could be remedied through ordinary legal measures. However, this court has acknowledged that it may exercise discretion to issue a writ of prohibition even where an adequate remedy in the ordinary course of law is available. *State, ex rel. Ohio High School Athletic Assn.,* v. *Judges* (1962), 173 Ohio St. 239, 249, 19 O.O. 2d 52, 58, 181 N.E. 2d 261, 267. We reaffirmed this principle in *State, ex rel. Johnson,* v. *Perry County Court, supra,* at 58, 25 OBR at 81, 495 N.E. 2d at 21:

" '[I]f an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy * * * to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court.' * * * [Citations omitted.]"

The rule prohibiting appeal of preliminary injunctions like the one at bar places a "patent and unambiguous restriction" on the jurisdiction of a court of appeals. See *State, ex rel. Smith,* v. *Court* (1982), 70 Ohio St. 2d 213, 24 O.O. 3d 320, 436 N.E. 2d 1005. It also establishes that there was a "total and complete want of jurisdiction" on the lower court's part. See *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, 59 O.O. 2d 387, 285 N.E. 2d 22. In such a situation, this court has plenary power "not only to prevent excesses of lower tribunals, but to correct the results thereof and to restore the parties to the same position they occupied before the excesses occurred." *Id.* at 330, 59 O.O. 2d at 389, 285 N.E. 2d at 24.

Accordingly, respondent's order modifying the preliminary injunction issued on July 18, 1988 is vacated and the writ prayed for is allowed.

*Order vacated and writ allowed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.