### Bd. of Edn. of Strongsville v. Theado Schools
### Case No. 59278
### Cuyahoga County, (8th)
### Decided February 21, 1990
[Cite as 1 AOA 313]

*For relator, Mary A. Lentz, David W. Leopold,2500 Terminal Tower, Cleveland, OH 44113-2241.*

*For respondent, Anthony J. Celebrezze, Jr., Attorney General, State Office Bldg., 615 Superior Avenue, N.W., Cleveland, OH 44113.*

PATTON, C.J.

In its Petition and Complaint for Writ of Prohibition ("Complaint"), relator avers that: Respondent is an independent hearing officer in an administrative proceeding. The administrative proceeding relates to James Michael Reese ("James") who, at the time of the filing of the Complaint on February 13, 1990, was twenty-two years old. "James is an adult male who was identified as multi-handicapped, and resides within the Strongsville City School District." Complaint, par. 4. "Mr. and Mrs. J. Reese, parents of James, requested a due process hearing pursuant to Chapter 3323 of the Ohio Revised Code and 20 USC Sec. 1401 et seq., the state and federal education for handicapped statutes." Complaint, par. 5. Relator moved to dismiss the independent due process hearing but respondent refused to do so. If respondent goes forward with the hearing, relator will be irreparably damaged by being required to expend public funds "for a proceeding which is null and void *ab initio*." Complaint par. 7.

R.C. Chapter 3323 and 20 U.S.C. Sec. 1401, *et seq.*, relate to the education of handicapped children. Both R.C. 3323.01(A) and 20 U.S.C. 1412(1)(A) limit those who will be considered "handicapped children" to those who are less than twenty-two years of age. Relator avers that, because James is already twenty-two, respondent lacks jurisdiction to go forward on the due process hearing.

Relator also asserts that *Honig* v. *Doe* (1988), 484 U.S. 305, 98 L. Ed. 2d 686, requires that respondent dismiss the independent due process hearing. In *Honig*, a school district in California attempted to expel indefinitely two emotionally disturbed students. One of the students, John Doe, was seventeen years old at the time he commenced an action in federal district court to compel school officials to return him to the school prescribed in the "individualized educational program" required by the Education of the Handicapped Act ("EHA" or the "Act"), 20 U.S.C. 1400, *et seq.* The Supreme Court held:

> Respondent John Doe is now 24 years old and, accordingly, is no longer entitled to the protections and benefits of the EHA, which limits eligibility to disabled children between the ages of three and 21. See 20 USC Sec. 1412(2)(B). It is clear, therefore, that whatever rights to state educational services he may yet have as a ward of the state, . . . the Act would not govern the State's provision of those services, and thus the case is moot as to him.

*Honig, supra,* 484 U.S. at      , 98 L. Ed. 2d at 703.

The *Honig* holding clearly indicates that proceedings to compel a school district to provide public education to a "handicapped child" become moot when that person reaches his or her twenty-second birthday. In *Honig*, despite the fact that the district court action from which the appeal to the Supreme Court arose began while Doe was seventeen years old, the Supreme Court held that the appeal was moot because Doe was twenty-four at the time of the Supreme Court's decision.

Similarly, in this action relator avers that the parents of James requested a due process hearing on February 15, 1989, the day before James' twenty-second birthday. Obviously, James is no longer less than twenty-two years of age, a requirement for being considered a

"handicapped child."

There are three criteria which must be met before a court may provide relief in prohibition.

"The conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law." *State, ex rel. McKee,* v. *Cooper* (1974), 40 Ohio St. 2d 65, paragraph one of the syllabus.

*Bobb* v. *Marchant* (1984), 14 Ohio St. 3d 1, 3. See also, *State, ex rel Johnson,* v. *Perry County Court* (1986), 25 Ohio St. 3d 53, 58; *State, ex rel. Tollis,* v. *Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St. 3d 145, 147; *Tilford* v. *Crush* (1988), 39 Ohio St. 3d 174, 176.

Clearly, respondent hearing officer is acting in a quasi-judicial capacity. The only issues for determination, therefore, are whether: (1) the continued exercise of that quasi-judicial power is unauthorized by law; and (2) the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law.

Relator asserts that *Honig, supra,* stands for the proposition that "once a handicapped person reaches the age of 22, there is no justiciable issue under the handicapped act due to mootness and lack of jurisdiction." Complaint, par. 10. The Supreme Court's holding in *Honig* with respect to John Doe which was quoted above clearly indicates that any rights under the Act terminate when the "handicapped child" reaches his twenty-second birthday. Under the circumstances present in this case, therefore, respondent lacks jurisdiction to go forward with the proceedings commenced by James' parents.

In light of this lack of jurisdiction, this court need not reach the question of whether there is an adequate remedy at law.

"'[I]f an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy * * * to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court.' * * * [Citations omitted.]"

*State, ex rel. Tollis,* v. *Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St. 3d 145, 148.

Given the circumstances present in this case, this court has no alternative other than issuing a peremptory writ of prohibition. Respondent is without jurisdiction whatsoever to act.

Accordingly, a peremptory writ of prohibition is allowed and respondent is prohibited from going forward with the proceedings commenced by the request for due process hearing by Mr. and Mrs. J. Reese. Respondent to pay costs.

*Writ allowed.*

DYKE, J., J. F. CORRIGAN, J., Concur