This is an appeal from a judgment of the Sandusky County Court of Common Pleas which granted a preliminary injunction requested by appellee, Ballville Township Board of Trustees, ("board"), enjoining appellant, Susan Bessken, from further violation of a zoning resolution pending trial on the merits. For the reasons stated herein, this court dismisses this appeal as not final and appealable pursuant to R.C. 2505.02, effective July 22, 1998.
Appellant sets forth the following assignment of error:
"ASSIGNMENT OF ERROR NO. 1
 "THE COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING THE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION WITHOUT FOLLOWING PROPER PROCEDURE PURSUANT TO THE OHIO REVISED CODE AND OHIO CASE LAW."
The following facts are relevant to this appeal. On December 6, 1996, the Ballville Township Board of Zoning Appeals, ("zoning board"), directed appellant to remove two mobile homes from her property. Appellant filed a notice of appeal with the clerk of the trial court on Monday, December 6, 1997. Appellant served a copy upon the township solicitor but did not file a notice of appeal with the zoning board. The trial court granted the zoning board's motion to dismiss because appellant failed to perfect her appeal by filing a notice of appeal with the zoning board itself. This court affirmed the trial court's judgment in May 1998.
On August 28, 1998, the board filed its complaint for a permanent injunction to enjoin appellant from violating its zoning resolution as well as the motion for preliminary injunction. In its complaint, the board alleged that the Ballville Township Zoning Inspector sent appellant a notice of violation to remove the mobile homes from her property in July 1998. A hearing on the motion for preliminary injunction was scheduled for September 14, 1998. On September 15, 1998, the trial court entered its judgment entry granting the board's request for a preliminary injunction. The judgment entry ordered that one mobile home, which was occupied by a tenant, be vacated by October 1, 1998 and the second mobile home, which was unfit for human occupancy, not be occupied until further order of the court. Appellant filed her notice of appeal on October 15, 1998.
Although appellant argues that the trial court erred in not conducting an evidentiary hearing, this court determines that it is unnecessary for this court to address this assignment of error. Applicable to our analysis is R.C. 2505.02, Ohio's final, appealable order statute, which states in relevant part:
"2505.02 Final order.
"(A) As used in this section:
"* * *
 "(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"* * *
 "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
"* * *
 "(D) This section applies to and governs any action, including an appeal, that is pending in any court on the effective date of this amendment and all claims filed or actions commenced on or after the effective date of this amendment, notwithstanding any provision of any prior statute or rule of law of this state." Effective July 22, 1998. (Emphasis added.)
Prior to the revision of this statute, the granting of a preliminary injunction was held to be not final and, therefore, not appealable. See, State ex rel. Tollis v. Court of Appeals forCuyahoga County (1988), 40 Ohio St.3d 145. The statute has changed, however, and the revisions to R.C. 2505.02 apply to this case because the complaint for permanent injunction and the motion for preliminary injunction were filed on August 28, 1998, after the effective date of the revision to R.C. 2505.02. A preliminary injunction is included in the list of provisional remedies in R.C.2505.02(A)(3). An order is a final order under R.C. 2505.02
(B)(4), if:
 "(4) An order * * * grants or denies a provisional remedy and * * * both of the following apply:
 "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
Appellee was granted the requested preliminary injunction and, thus, the order satisfies R.C. 2505.02(B)(4)(a) as it has determined "the action with respect to the provisional remedy and prevents a judgment * * * in favor of the appealing party with respect to the provisional remedy." However, the order does not satisfy R.C. 2505.02(B)(4)(b) as appellant could be afforded a meaningful or effective remedy if she were forced to appeal the granting of the preliminary injunction after the case had proceeded to a conclusion. Appellant's "meaningful or effective remedy" would be to seek any damages incurred as the result of the alleged improperly granted preliminary injunction. It is well established that recovery for the loss of the use of property is appropriate. 30 Ohio Jurisprudence 3d (1981) 94, Damages, Section 84. Thus, appellant could seek recovery of her lost income due to her inability to rent her property because of the preliminary injunction.
Our decision to dismiss this appeal as not a final and appealable order renders appellant's first assignment of error moot.
On consideration whereof, this appeal is dismissed for lack of an appealable order. Appellant is ordered to pay the court costs of this appeal.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.