OPINION
{¶ 1} This is a consolidated appeal in which appellant/cross-appellee, Gordon Proctor, Director of the Ohio Department of Transportation ("ODOT"), appeals the decision of the Fayette County Court of Common Pleas denying his motions for relief from judgment under Civ.R. 60(B). ODOT seeks relief from the trial court's dismissal of separate appropriation actions against appellees/cross-appellants, French Hardware, Inc. and Earl J. Hartley (collectively "the Landowners").[1]
The Landowners have filed a cross-appeal claiming that their fourth defense is not a counterclaim and that R.C. 5501.22 is unconstitutional. We reverse the decision of the trial court.
 {¶ 2} ODOT filed petitions for appropriation for the improvement of State Route 62 in Washington Court House against each Landowner. The project included, among various other improvements, the widening of State Route 62, and the building of sidewalks, curbs and gutters.
 {¶ 3} In November 2000, both of the Landowners filed separate answers; however, each included the same four defenses in their answers. In January 2002, ODOT moved to dismiss for lack of subject matter jurisdiction as to Hartley and in March 2002, as to French. ODOT argued in each of its motions that the Landowners' fourth defense in their answers to ODOT's appropriation petitions were counterclaims asserting new taking claims. It asked the trial court to dismiss the alleged fourth defense counterclaims, but retain jurisdiction as to the remainder of the case.
 {¶ 4} In March 2002, the trial court issued a decision as to both motions. It dismissed both cases. In July 2002, ODOT filed Civ.R. 60(B) motions for relief from judgment as to both cases. In September 2002 judgment entries, the trial court denied the motions for relief from judgment. ODOT appeals the decision raising two assignments of error. The Landowners cross-appeal presenting three assignments of error. For reasons of clarity, we will address the Landowners' cross-assignments of error first.
The Landowners' Cross-Assignment of Error No. 1
 {¶ 5} "THE LOWER COURT ERRED AS A MATTER OF LAW IN HOLDING THAT FRENCH HARDWARE ASSERTED A COUNTERCLAIM IN ITS NOVEMBER 2002 ANSWER."
 {¶ 6} The Landowners maintain that their fourth defense in their answer to ODOT's appropriation petition was not a counterclaim. They argue that they are entitled to compensation for the damage to the residue of their property and that the fourth defense's "standard boilerplate language" merely asserts this right.
 {¶ 7} In a partial taking, a property owner is entitled to compensation for the property taken and "damages for injury to the property which remains after the taking, i.e., the residue." City ofNorwood v. Forest Converting Co. (1984), 16 Ohio App.3d 411, 415. Damage to the residue is measured by the difference between the pre-appropriation and post-appropriation fair market value of the residue. Hurst v. Starr (1992), 79 Ohio App.3d 757, 763.
 {¶ 8} In determining both pre and post-appropriation fair market value, every element that can fairly enter into the question of value, and which an ordinarily prudent business man would consider before forming judgment in making a purchase should be considered. Norwood,16 Ohio App.3d at 415. Therefore, any element of damage that makes "the residue less valuable in its separate state after its taking than it was as a part of the whole before the taking" may properly be considered. Knepper Frye, Ohio Eminent Domain Practice (1977), 270-271, Section9.06. "Among the elements that may be important are * * * loss of ingress and egress, * * * and any other losses reasonably attributable to the taking." Id.; see In re Appropriation for Hwy. Purposes of Lands ofWilliams (1968), 15 Ohio App.2d 139, 151.
 {¶ 9} Each Landowner used the same language for the fourth defense to ODOT's appropriations. The fourth defense states the following:
 {¶ 10} "Defendant claims that the appropriation proposed by Plaintiff and evidence by the construction plans provided Defendant by Plaintiff violates Defendant's property rights, cause[s] significant damage to the residue of Defendant's property not appropriated by Plaintiff, cause[s] material damage to and diminishment of Defendant's access, and significantly interferes with Defendant's use and enjoyment of the remainder of their property."
 {¶ 11} The trial court erroneously relied upon Wray v. Goeglein
(Dec. 2, 1998), Meigs App. No. 97CA9, for the proposition that the Landowners' fourth defense asserted counterclaims of further takings. TheGoeglein court did not find that damage to the access of the residue was an additional takings claim that must be filed separately in the Court of Claims of Franklin County. Instead, it found that where ODOT takes surface rights but not mineral rights, the residue for damage purposes consists of "the portion of the surface estate that ODOT did not take," not the separate mineral estate. Id.
 {¶ 12} In the case sub judice, separate mineral estates are not involved. The Landowners here are asking for damage to the property which remains after the taking, i.e. the residue. Their fourth defense merely provides elements of damage to the residue that may possibly be considered in determining their compensation for the takings. Access to the residue as well as any other item that a prudent business person would consider that may decrease the value of the residue may be considered.[2]
Therefore, the trial court erroneously dismissed the fourth defense as a counterclaim. Each Landowner's fourth defense is hereby reinstated. The Landowners' first cross-assignment of error is sustained.
The Landowners' Cross-Assignment of Error No. 2
 {¶ 13} "THE LOWER COURT ERRED IN FAILING TO GRANT DEFAULT JUDGMENT TO DEFENDANT."
 {¶ 14} Given the disposition of the Landowners' first cross-assignment of error, this assignment of error is rendered moot and overruled.
The Landowners' Cross-Assignment of Error No. 3
 {¶ 15} "THE LOWER COURT ERRED IN HOLDING THAT THE O.R.C. §5501.22 MANDATES THAT THIS CASE MAY BE HEARD ONLY IN FRANKLIN COUNTY, BECAUSE THE STATUTE IS UNCONSTITUTIONAL."
 {¶ 16} Given the disposition of the Landowners' first cross-assignment of error, this assignment of error is rendered moot and overruled.
ODOT's Assignment of Error No. 1
 {¶ 17} "THE FAYETTE COUNTY COMMON PLEAS COURT ERRED IN DENYING APPELLANT'S/CROSS-APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT."
 {¶ 18} ODOT maintains that the trial court abused its discretion by dismissing both appropriation petitions against the Landowners. It maintains that the trial court should have granted its Civ.R. 60(B) motions for relief from judgment.
 {¶ 19} ODOT filed a Civ.R. 12(B)(1) motion to dismiss in both of the Landowners' cases. In each motion, ODOT argued that the Landowners' fourth defense was actually a counterclaim that was only justiciable in the Court of Claims in Franklin County. The trial court, in its decision, granted the motions to dismiss, however in doing so, it dismissed both cases entirely, not just the alleged counterclaims.
 {¶ 20} ODOT sought to rectify the situation by filing Civ.R. 60(B) motions in each case in order to modify the trial court's judgment by having it dismiss the alleged counterclaims but retain jurisdiction on the rest of the case. The trial court refused to do so.
 {¶ 21} Civ.R. 60(B) states in part:
 {¶ 22} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 23} In order to prevail on a motion under Civ.R. 60, ODOT must demonstrate (1) it has a meritorious defense or claim, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) the motion is made within a reasonable time. GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 150-151.
 {¶ 24} The first prong of the GTE test requires us to consider whether ODOT has a meritorious claim or defense to present if relief is granted. Fallang v. Fallang (Dec. 1, 1997), Butler App. No. CA97-03-043. R.C. Chapter 163 permits ODOT to file a petition for appropriation where ODOT and the property owner are unable to agree as to compensation and damages. R.C. 163.04; R.C. 163.05. Pursuant to R.C. 5519.01, appropriation actions are to be filed in the county where the property is located.
 {¶ 25} The Landowners disputed the amount of compensation offered by ODOT for the permanent and temporary takings. ODOT filed the appropriation actions in the Fayette County Court of Common Pleas pursuant to R.C. 5519.01 since that is where the property is located. Consequently, ODOT has a meritorious claim to present if relief from judgment is granted.
 {¶ 26} The second prong of the GTE test requires us to determine whether ODOT is entitled to relief from judgment under one of the grounds stated in Civ.R. 60(B)(1)-(5). ODOT maintains that it is entitled to relief under Civ.R. 60(B)(5) because ODOT is statutorily entitled to make appropriations for highway projects and the effect of the trial court's order "will throw the appropriation process and the highway project into a state of limbo."
 {¶ 27} Civ.R. 60(B)(5) is a catchall provision which reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. Fallang, Butler App. No. CA97-03-043. "[C]ourt errors and omissions are reasons justifying relief under the `other reason' clause" of Civ.R. 60(B)(5). Bobb v. Marchant (1984), 14 Ohio St.3d 1, 2.
 {¶ 28} ODOT must undertake appropriations in accordance with R.C. Chapter 163. Where the property owner is unable to agree as to the amount of compensation and damages, ODOT may petition for appropriation of the property. R.C. 163.04. An agency does this by filing the petition in the proper court. Pursuant to R.C. 5519.01, the proper court is "the probate court or court of common pleas of the county within which the property * * * is situated."
 {¶ 29} ODOT followed the process set out in R.C. Chapter 163 by filing the petitions once they were unable to agree with the landowners on the amount of compensation. ODOT has already completed most of the project. Currently, ODOT has not properly appropriated the Landowners' property, nor has compensation been determined for the takings. Both ODOT and the Landowners need to have this issue determined in the proper venue, the county where the property is located. The trial court erred in dismissing both appropriation petitions. In our view, this error is sufficient to justify granting relief from judgment under the catchall provision of Civ.R. 60(B)(5). Consequently, we hold that ODOT has satisfied the second prong of the GTE test.
 {¶ 30} The third prong of the GTE test requires us to determine whether appellant's Civ.R. 60(B)(5) motion for relief from judgment was timely filed. To be timely, it must be made in a reasonable time. The determination as to what constitutes a "reasonable time" for purposes of Civ.R. 60(B)(5) is a factual issue which varies depending upon the circumstances of each particular case. Fallang, Butler App. No. CA97-03-043.
 {¶ 31} Here, the trial court entered its judgment entries dismissing both cases on May 22, 2002. ODOT filed its Civ.R. 60(B) motions to both cases on July 22, 2002, two months later. ODOT has met the third prong, as the filing of its motion for relief from judgment was reasonable under the particular facts of this case.
 {¶ 32} Having met the requirements of all three prongs of the GTE
test, we find that ODOT is entitled to relief from judgment under Civ.R. 60(B)(5). The orders of the trial court denying ODOT's Civ.R. 60(B) motions for relief from judgment are hereby reversed. We grant ODOT's Civ.R. 60(B) motions and reinstate ODOT's original appropriation petitions. These causes are remanded to the Fayette County Court of Common Pleas. ODOT's first assignment of error is sustained.
ODOT's Assignment of Error No. 2
 {¶ 33} "THE FAYETTE COUNTY COMMON PLEAS COURT ERRED IN NOT MAKING A FACTUAL DETERMINATION OF THE ALLEGED GROUNDS FOR REFUSING APPELLANT'S/CROSS-APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT."
 {¶ 34} Given the disposition of ODOT's first assignment of error, the second is rendered moot and overruled.
 {¶ 35} Judgment reversed and remanded to the trial court for further proceedings consistent with this opinion.
VALEN, P.J., and YOUNG, J., concur.
[1] The county treasurer and auditor and other parties with a mortgage or lease interest in the subject property were listed as additional defendants, but are not parties to this appeal.
[2] We note that in a temporary taking, as in Earl Hartley's situation, damage to the residue may be considered for the compensation determination that occurred during ODOT's temporary taking. See State v.Peyatt (May 6, 1988), Trumbull App. No. 3759. However, any claims as to damages to the residue as a result of permanent completed takings would have to be filed in the Court of Claims in Franklin County, as ODOT did not petition for appropriation of any permanent takings of the Hartley property. See Sarkies v. State of Ohio, Dept. of Transp. (1979),58 Ohio St.2d 166.