JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Gilmour Academy ("Gilmour") brings this appeal challenging the trial court's granting of a preliminary injunction that prohibited Gilmour from expelling appellee Christopher Neamonitis ("Christopher"). On March 10, 2009, this court sua sponte ordered the parties to brief the issue of whether the preliminary injunction was a final, appealable order.
 {¶ 2} In September 2008, Gilmour, a private Catholic school in Gates Mills, Ohio, expelled Christopher, a senior at Gilmour, for violating school policy by arriving highly intoxicated at a school dance on September 13, 2008. On October 21, 2008, Christopher filed suit against Gilmour seeking injunctive relief and money damages. On October 22, 2008, the trial court issued a temporary restraining order, ordering Gilmour to reinstate Christopher as a student. On November 21, 2008, the trial court granted a preliminary injunction, extending indefinitely the temporary restraining order issued in October.
 {¶ 3} Gilmour filed its notice of appeal and an emergency motion to stay the judgment. The motion to stay proceedings was never ruled on. In its appeal, Gilmour filed its brief, raising one assignment of error, i.e., the trial court erred in granting Christopher a preliminary injunction preventing Gilmour from expelling him. Christopher filed his brief in opposition. *Page 4 
 {¶ 4} As noted above, prior to the scheduled oral argument, this court ordered the parties "to address whether the granting of a preliminary injunction in this matter constituted a final appealable order pursuant to R.C. 2505.02(A)(3) and (B)(4)." See Order dated March 10, 2009. After a review of the relevant law, we find that the order was not a final, appealable order, and we dismiss this appeal.
 {¶ 5} According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action.Germ v. Fuerst, Lake App. No. 2003-L-116, 2003-Ohio-6241. Pursuant to R.C. 2505.02(B), there are five categories of a "final order," and if a trial court's judgment satisfies any of them, it will be considered a "final order," which can be immediately appealed and reviewed by a court of appeals.
 {¶ 6} R.C. 2505.02(B) states in relevant part: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: *** (4) An order that grants or denies a provisional remedy and to which both of the following apply: (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy; (b) The appealing party would not be afforded a meaningful *Page 5 
or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 7} As used in this section a "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction ***." R.C. 2505.02(A)(3). Therefore, an order denying or granting a preliminary injunction is a final appealable order only if it satisfies both prongs of R.C. 2505.02(B)(4). Hootman v. Zock, Ashtabula App. No. 2007-A-0063,2007-Ohio-5619.
 {¶ 8} Here, Gilmour has established the first prong, where there is no dispute that the trial court issued an order granting a preliminary injunction. That order determines the action with respect to the provisional remedy and prevents judgment in favor of appellants with regard to that provisional remedy.
 {¶ 9} We are not convinced, however, that Gilmour has established the second prong. Gilmour has to be deprived of "a meaningful and effective remedy" if it cannot appeal now.
 {¶ 10} Granting of a preliminary injunction in an action for injunctive relief is not a final appealable order. State ex rel. Tollisv. Cuyahoga Cty. Court of Appeals (1988), 40 Ohio St.3d 145,532 N.E.2d 727. "An order of the court of common pleas granting a temporary injunction in a suit in which the ultimate relief sought is an injunction, is not either a judgment or a final order which may be reviewed by the circuit court on a petition in error." Id. *Page 6 
 {¶ 11} Furthermore, Ohio courts have held that "a preliminary injunction which acts to maintain the status quo pending a ruling on the merits is not a final appealable order under R.C. 2505.02." E. ClevelandFirefighters, IAFF Local 500 v. E. Cleveland, Cuyahoga App. No. 88273,2007-Ohio-1447 (preliminary injunction is not a final appealable order where trial court, by means of a preliminary injunction, was attempting to preserve the rights of the party in whose favor the preliminary injunction was granted until such time as the matter could finally be decided on the merits).
 {¶ 12} Gilmour argues that preserving the status quo would entail honoring its decision to expel Christopher. We disagree. Christopher filed his complaint for injunctive relief to preserve his status as a student. The trial court granted the preliminary injunction to preserve Christopher's rights while the underlying action was being litigated. In addition, if this case were to proceed to final judgment and the trial court granted Christopher a permanent injunction, Gilmour would have the ability to appeal the judgment to this court.[1] We do not consider here whether the ultimate resolution on the merits comes too late to prevent Christopher's completion of his senior year, since it was the school that *Page 7 
chose to appeal the preliminary injunction rather than move to have the injunction dissolved.
 {¶ 13} For the foregoing reasons, it is our position that the trial court's granting of Christopher's preliminary injunction does not satisfy the requirements of a final order under R.C. 2505.02(B)(4)(b). This appeal is dismissed for lack of a final appealable order.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCURS; MARY EILEEN KILBANE, P.J., DISSENTS (WITH SEPARATE OPINION)
[1] Gilmour was enjoined from expelling Christopher. The trial court did not order Gilmour to graduate him in May 2009, nor did it order Gilmour to permit him to play on the school's hockey team. If Gilmour prevails on the merits, Christopher will not be a graduate of Gilmour Academy, regardless of whether he attended Gilmour through the end of its 2008 through 2009 school year.