{¶ 14} For the following reasons, I respectfully dissent from the majority opinion that Gilmour has failed to meet both prongs of the statute, thereby dismissing its appeal for lack of a final order. *Page 8 
 {¶ 15} R.C. 2505.02 states:
 "(A) (3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 ***
 4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 16} Based upon the plain language of the statute, this appeal outlines just the type of situation contemplated in R.C. 2505 (B)(4)(a) and (b).
 {¶ 17} In holding that Gilmour would not be deprived of a meaningful and effective remedy if it cannot appeal right now, the majority relies on Tollis v. Cuyahoga Cty. Court of Appeals (1988), 40 Ohio St.3d 145,148, for the proposition that granting a preliminary injunction is an action for injunctive *Page 9 
relief and therefore not a final appealable order. I believe the majority's reliance on this case is misplaced.
 {¶ 18} In Tollis, the Ohio Supreme Court held that a court of appeals is without jurisdiction to consider an appeal from a preliminary injunction because a preliminary injunction is not a final appealable order. However, in Tollis, a writ of prohibition was issued, based upon the appellate court's lack of jurisdiction to consider an appeal from a preliminary injunction issued to enjoin a municipality from proceeding with a sewer assessment. Int'l Diamond Exch. Jewelers, Inc. v. UnitedStates Diamond Gold Jewelers, Inc. (1991), 70 Ohio App.3d 667, 670,citing Tollis. On review, the Ohio Supreme Court held that a preliminary injunction issued to preserve the status quo pending consideration of a complaint for final injunctive relief is not a final appealable order, so that a court of appeals does not have jurisdiction to consider an appeal from the preliminary injunction. Id.
 {¶ 19} Such is not the case here. While it is true that "[a] temporary injunction which merely serves to preserve the status quo pending the hearing on a request for a permanent injunction is not a final order appealable under §§ 2505.02," the factual nature of this issue, regardless of time constraints, extends the trial court's grant of injunction to a time frame that amounts to final injunctive relief.Amalgamated Clothing Workers v. Richmond Bros. Co. (1955), 348 U.S. 511,517-518, at fn. 3. What is more, Tollis was distinguished both by *Page 10 
statutory revision and by Community First Bank Trust v. Dafoe (2006),108 Ohio St.3d 472, 475, wherein the Supreme Court stated:
 "Likewise, before the amendment of R.C. 2505.02, this court had held that the granting of a preliminary injunction is an action for injunctive relief and is not a final appealable order. Tollis at 148. The current R.C. 2505.02(B)(4) changed the law in this regard and makes other provisional remedies reviewable as well."
 {¶ 20} Based upon the Ohio Supreme Court's holding in Community FirstBank Trust and the statutory revisions in subsection (B)(4)(a) and (b), the granting of a preliminary injunction is arguably, in itself, a final appealable order. What is more, the statutory revisions in R.C. 2505.02, with respect to the appealability of provisional remedies, require courts to consider the factual nature of the underlying controversies.
 {¶ 21} Here, the trial court granted not only the temporary restraining order requiring Gilmour to reinstate Christopher as a student, but also the preliminary injunction in which it extended the restraining order under the statute. Thus, for all practical purposes under 2505.02(B)(4)(b), this appeal is the only meaningful opportunity Gilmour has to preserve what it argues is the status quo, i.e., its decision to expel Christopher. It cannot, as the majority suggests, request that the injunction be dissolved, since such a request would, under these circumstances, be tantamount to a motion for reconsideration.
 {¶ 22} As it stands, the majority has preserved Christopher's place as a student at Gilmour, but that is not the status quo. Status quo for appellant is *Page 11 
that its decision to expel Christopher be upheld. Preserving this is in accord with both the two-prong test in R.C. 2505.02(B)(4)(a) and (b) and Civ. R. 65.
 {¶ 23} I would find that Gilmour meets the criterion in subsections (B)(4)(a) and (b) under the statute, and would not dismiss the appeal. *Page 1